IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

EMMANUEL STERGEN                                                                                       PLAINTIFF

vs.                                         CASE NO. 5:24-CV-05155-TLB

ELIZABETH STOREY-BRYAN AND
DETECTIVE JUSTIN COLLINS                                                                         DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 12, 2024, United States District Judge Timothy L. Brooks referred this matter to the undersigned. (ECF No. 10). The undersigned *sua sponte* addresses whether the District Court properly exercises jurisdiction over this matter, and finding that it does not, recommends this case be **DISMISSED.**

1.    Plaintiff's Amended Complaint was filed on August 7, 2024. (ECF No. 5). Plaintiff named as Defendants Judge Bryan, Detective Collins, Sarah Williamson, Kristen Komander, and Megan Stergen, alleging they were using the state courts to "pursue a criminal case and criminal conduct" against Plaintiff. Among many allegations by Plaintiff are these – Defendants obstructed justice; disparaged the rights of Plaintiff and his son by falsely alleging Plaintiff is a drug abuser and an unfit parent; lied to DHS and drove Plaintiff into poverty by increasing Plaintiff's child support to the point of peonage (a system of involuntary servitude where a person is forced to work to pay off a debt or obligation); committed fraud and entrapment of Plaintiff; and are engaged in corrupt and organized crime that abuses power and suppresses the truth. (ECF No. 5).

2.    On August 9, 2024, Plaintiff filed Motion for Relief from Malicious Prosecution and for Full Custody of the Minor, H.S. (ECF No. 7). In his Motion, Plaintiff clarifies he is complaining that Defendants Judge Bryan and Detective Collins "wrongfully prosecuted the plaintiff for criminal

drug use [and] this scheme affected plaintiff's well being, led to his divorce and destabilized the home of the minor child h.s." (ECF No. 7, p.2). Plaintiff says it all started with a false report by Megan Stergen and mishandling of the matter thereafter. Plaintiff – apparently displeased with the rulings of Judge Bryan – seeks as relief custody of the minor child, transfer of his insurance and transfer of a "subsidy," and visitation by Megan Stergen "at his will." (ECF No. 7, p. 3).

3. On August 23, 2024, Plaintiff dismissed his Amended Complaint against Defendants Sarah Williamson, Kristen Komander, and Megan Stergen. (ECF No. 12).

4. On September 3, 2024, Defendants Judge Bryan and Detective Collins were served with Plaintiff's Amended Complaint. (ECF No. 14).

5. On September 19, 2024, Separate Defendant Judge Bryan filed a Motion to Dismiss. (ECF No. 15). The Motion alleges that judicial immunity and sovereign immunity bar Plaintiff's claims against Separate Defendant Judge Bryan.

6. On September 20, 2024, Separate Defendant Collins filed an Answer, denying Plaintiff's claims, and objecting to Plaintiff's Motion for Relief. (ECF Nos. 19, 20). Separate Defendant Collins argues this Court must abstain from hearing this state court matter, and further alleges that Separate Defendant Collins had nothing whatsoever to do with investigating Plaintiff. (ECF No. 20, p.1).

7. Plaintiff's complaints herein appear to have arisen from a domestic relations matter styled *Emmanuel Manos Stergen v. Megan Stergen*, Case No. 72DR-20-17, which commenced on January 6, 2020, and resulted in a Decree of Divorce on June 10, 2020. According to the state court docket sheet, there have been continuing child custody and visitation issues over the past four (4) years, including a suspension of visitation in February 2023.

8. Federal courts lack jurisdiction over domestic relation matters such as the issuance

of divorce, allowance of alimony or child custody; this is known as the domestic relations exception to federal jurisdiction which has been recognized for more than 180 years. *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (distinguishing a family tort claim from a child custody claim). State courts have exclusive jurisdiction over these matters. *Id.*, at 703-704. While Plaintiff purports to allege violations of federal law, the relief Plaintiff seeks is custody of a minor child and this is not relief that the federal courts generally can order. None of Plaintiff's claims – even when viewed in the light most favorable to him – raise prima facie issues of constitutional dimension.

Even if this court could properly exercise jurisdiction, it would abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) as applied by *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432 (1982). The Supreme Court has made clear that lower federal courts must decline to hear challenges to pending state actions involving important state interests. *See Moore v. Sims*, 442 U.S. 415, 435 (1979) ("[f]amily relations are a traditional area of state concern."); *Lewis v. Seventh Cir. Ct. - S.D. Unified Jud. Sys.,* 2018 WL 7247048, at *3 (D.S.D. Nov. 28, 2018) (explaining that domestic relations is "a traditional area of state concern where federal abstention is particularly important").

Here, there have been an ongoing domestic proceedings in Washington County Circuit Court since 2020 which implicate important state interests and those state proceeding provide an adequate opportunity to raise all manner of challenges, including constitutional ones. *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). The undersigned further observes that the timing of Plaintiff's Complaint – alleging malfeasance on the part of Judge Bryan – suggests a direct attempt to obstruct or interfere with visitation orders entered by Judge Bryan during or since February 2023. "[A]s a matter of policy and comity, these local problems should be decided in state court." *Overman v. United States*, 563 F.2d 1287 (8th Cir. 1977).

Even if Plaintiff could jump over all of these hurdles, the *Rooker-Feldman*[1] doctrine would preclude this Court's exercise of jurisdiction. The *Rooker–Feldman* doctrine "applies to cases brought by state-court losers complaining of injuries caused by state-court judgments ... and inviting review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284, 287 (2005). Here, it appears the state court previously adjudicated the rights and obligations of these parent litigants with respect to custody and visitation with their minor child. While the state court may possess the power to amend its orders and judgments, this federal court does not. *Lemonds v. St. Louis Cnty*, 222 F.3d 488, 492 (8th Cir. 2000).

And finally, the doctrine of judicial immunity would act to bar Plaintiff's claims against Judge Bryan in this matter. Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray,* 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner,* 474 U.S. 193, 199 (1985)(citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) *Id*. Moreover, "[a] judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability only when [she]has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)(citations omitted); *see also Bolin v. Story,* 225 F.3d 1134, 1240-42 (11th Cir. 2000)(judicial immunity applies to *Bivens* actions); *Schwartz v. Weinstein,* 459 F.2d 882, 883 (8th Cir.

---

[1] *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923).

1972)(judicial immunity applies to actions under 42 U.S.C. § 1985); *Nolan v. Campbell,* 369 F. Supp. 1032, (E.D. Mo. 1974)(judicial immunity applies to actions brought under 42 U.S.C. §§ 1983 & 1981).

9.  Accordingly, and for these reasons, the undersigned recommends this matter be **DISMISSED** as to both Defendants as the federal courts lack jurisdiction.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**RECOMMENDED** this 7th day of October 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE